UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MELANIE LEGIER

VERSUS

CHRISTOPHER BUFKIN, ET AL.

CIVIL ACTION NO.

23-136-SDD-EWD

**RULING AND ORDER**

Before the Court is a Motion to Remand,[1] filed by Defendant United Services Automobile Association ("USAA"). No party timely responded to the Court's Notice and Order indicating an intent to oppose the Motion,[2] which seeks remand on the basis that USAA, a reciprocal insurance exchange, has members in all fifty states, such that USAA is not diverse from Plaintiff Melanie Legier ("Plaintiff"), a citizen of Louisiana. Because this Court lacks subject matter jurisdiction, the Motion will be granted.

This suit by Plaintiff seeks to recover damages for injuries allegedly sustained in an automobile accident that occurred on February 23, 2022 in East Baton Rouge Parish, Louisiana.[3] On January 23, 2023, Plaintiff filed suit in the Nineteenth Judicial District Court for the Parish of East Baton Rouge against Christopher Bufkin, the driver who allegedly caused the accident; Bufkin's insurer, State Farm Mutual Automobile Insurance Company; and USAA, Plaintiff's uninsured/underinsured motorist carrier.[4]

On February 23, 2023, State Farm removed the case to this Court based on diversity subject matter jurisdiction under 28 U.S.C. §1332. The Notice of Removal

---

[1] R. Doc. 11.
[2] R. Doc. 15.
[3] R. Doc. 1-4, ¶ 3.
[4] R. Doc. 1-4, ¶¶ 2, 5, & 9.

alleges that Plaintiff is a citizen of Louisiana;[5] Bufkin is a citizen of Texas;[6] State Farm is an Illinois corporation with its principal place of business in Illinois;[7] and USAA is Texas corporation with its principal place of business in Texas.[8] However, on April 6, 2023, USAA filed the Motion to Remand, asserting that: "USAA is a reciprocal insurance exchange with members in all fifty (50) states. Because USAA is a non-diverse party, the requirements of 28 U.S.C. § 1332 are not met, and this case must be remanded to the 19th Judicial District Court for the Parish of East Baton Rouge."[9] The non-moving parties were ordered to file notices of intent with the Court if they intended to contest remand; however, no timely notice has been filed.[10] Moreover, the Court finds that the Motion to Remand has merit, as recent filings by USAA in other cases pending in this Court (and in other courts), including corporate disclosure statements and motions to dismiss, affirmatively state that USAA has Louisiana citizens as members.[11]

Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand.[12] It is the burden of the removing

---

[5] R. Doc. 1, ¶ 15 and R. Doc. 1-4, preamble.
[6] R. Doc. 1, ¶ 16 and R. Doc. 1-4, ¶ 1(A).
[7] R. Doc. 1, ¶ 17.
[8] R. Doc. 1, ¶ 18. State Farm also alleged that the amount in controversy was met (R. Doc. 1, ¶¶ 6-13); however, this issue is not reached because the parties are not completely diverse.
[9] R. Doc. 11, p. 1, citing *Norton v. Gurley*, No. 00-1704, 2000 WL 1408168, at *1 (E.D. La. Sept. 25, 2000). *Norton* states: "USAA is not a corporation but instead an unincorporated association" which is "considered to have the citizenship of its members," and notes that "USAA has members residing in all fifty states….").
[10] R. Doc. 15.
[11] *See, e.g., Randolph Scott v. United Services Automobile Association,* No. 22-723, (M.D. La. Jan. 6, 2023), R. Doc. 7 (corporate disclosure statement stating: "USAA is a reciprocal interinsurance exchange domiciled in Texas that is an unincorporated association. USAA has no parent corporation and is not a publicly held company. USAA has members in all fifty states and is considered a citizen of each for diversity purposes"), and *Scott,* No. 22-723, (M.D. La. Jan. 11, 2023), R. Doc. 10 (USAA's Motion to Dismiss seeking dismissal for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and stating: "Complete diversity does not exist because [the plaintiff] and USAA are Louisiana citizens. The Court lacks subject matter jurisdiction, warranting this case's dismissal."). *See also Cruz v. United Serv. Auto Ass'n*, 2021 WL 2662155, at *1 (E.D. La. June 29, 2021) (granting USAA's motion to dismiss, which stated: "USAA is a reciprocal interinsurance exchange with members in all fifty states of the United States, including Louisiana").
[12] *Manguno v. Prudential Prop. & Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir. 2002) (citations omitted).

defendant to establish this Court's subject matter jurisdiction and the propriety of removal.[13] Based on the Motion to Remand and other cases, it does not appear that USAA is diverse from Plaintiff. The removing defendant, State Farm, did not respond to the Court's Notice and Order indicating an intent to oppose the Motion to Remand and has not established that the parties in this suit are of diverse citizenship. Additionally, there does not appear to be a basis for the exercise of any other form of subject matter jurisdiction. Accordingly,

IT IS ORDERED that the Motion to Remand[14] filed by Defendant United Services Automobile Association, is **GRANTED**, and this case is **REMANDED** to the Nineteenth Judicial District Court for the Parish of East Baton Rouge for further proceedings.

IT IS FURTHER ORDERED that the Clerk of Court shall **TERMINATE** this matter on the Court's docket.

*Judgment* shall be entered accordingly.

**IT IS SO ORDERED.**

Baton Rouge, Louisiana, this 26 day of April, 2023.

SHELLY D. DICK
CHIEF DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

[13] *Id.*
[14] R. Doc. 11.